**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Troy Edward KLEIN, Defendant—
Appellant.**

No. 07–30299.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2008.

Filed March 16, 2009.

Jared C. Kimball, Esquire, Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Steven Frampton, Esquire, Spokane, WA, for Defendant–Appellant.

Before: PREGERSON, CANBY and HALL, Circuit Judges.

MEMORANDUM *

Troy Edward Klein ("Klein") appeals two district court orders denying his motions to suppress evidence and to compel identification of a confidential government informant. The parties are familiar with the facts of the case, which we repeat here only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

We review for clear error a decision to issue a search warrant. *United States v. Celestine,* 324 F.3d 1095, 1100 (9th Cir. 2003). We look to the totality of the circumstances to determine whether a warrant affidavit demonstrates probable cause. *United States v. Barajas–Avalos,* 377 F.3d 1040, 1058 (9th Cir.2004). Here, the warrant affidavit contains no material misrepresentations, and accurately describes the informant's information and the detectives' observations. Klein was identified as the motorcycle thief and Detective Thoet previously observed concealed motorcyle parts on Klein's property. Thus, a sufficient nexus existed between the crime and the Klein home. Despite timing discrepancies between the warrant and affidavit, the warrant clearly references, and was based on, the affidavit. Probable cause supported the search warrant, and the decision to issue the warrant was not clear error.

We review de novo whether a search adheres to the scope of a warrant. *United States v. Hurd,* 499 F.3d 963, 965 (9th Cir.2007). We review a district court's determination that a defendant consented to a search for clear error. *United States v. Cannon,* 29 F.3d 472, 477 (9th Cir.1994). We apply a totality of the circumstances approach to determine whether consent is voluntary. *Id.* Officers discovered methamphetamine in plain view during the course of a protective sweep, the validity of which is not at issue here. Klein then consented to the further search of his home and car for drugs. Failure to Mirandize is but one factor of the consent analysis. *See United States v. Rodriguez Preciado,* 399 F.3d 1118, 1126 (9th Cir. 2005) (listing additional, non-exhaustive factors). Klein received a lengthy explanation of his right to withhold and withdraw his consent, then chose to sign two written consent forms. Under the totality of the circumstances, Klein voluntarily consented to the drug searches.

We review for abuse of discretion a district court's decision whether to disclose the identity of an informant. *United States v. Rowland,* 464 F.3d 899, 903 (9th Cir.2006). "Nondisclosure is an abuse of discretion only if disclosure is relevant and helpful to the defense of the accused, or essential to a fair determination of the defendant's [case]." *Id.* at 903–904. Klein does not argue that disclosure would aid his defense, but only that the informant's identity would undercut probable cause. A trial court need not order disclosure of an informant's identity "where the sole ground for seeking that information is to establish the existence of probable cause." *United States v. Fixen,* 780 F.2d 1434, 1439 (9th Cir.1986). The district therefore

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

did not abuse its discretion by denying Klein's motion to compel disclosure.

Accordingly, we AFFIRM the judgment of the district court.